HEWITT (STANLEY v.). See Case No. 13,285.

HEWLETT v. The ANTONETTA. See Case No. 491.

HEWSON (GREGORY v.). See Case No. 5,801.

HEWSON (UNITED STATES v.). See Case No. 15,360.

## Case No. 6,444.

### In re HEYDETTE.

[8 N. B. R. 332.] [1]

District Court, E. D. Michigan.    May 26, 1873.

#### BANKRUPTCY—ANSWER—FORM OF.

1. Neither the bankrupt law [of 1867 (14 Stat. 517)] nor form 61 require that the answer to a creditor's petition, to entitle the debtor to demand and have a hearing by the court or a trial by jury, should be verified or even in writing. It is sufficient if he appears before the court and allege that the facts set forth are not true.

2. The better practice, however, is to put the whole answer in writing, and allege in express terms that the facts set forth in the petition are not true, and then conclude with a demand for a hearing by the court or a trial by jury. It should be signed by the respondent in person or by attorney.

Motion for adjudication of bankruptcy on creditor's petition for insufficiency of debtor's answer. On the return day of the order to show cause, March 24th, 1873, the debtor [Frank Heydette] appeared by attorney, and presented and filed the following paper, entitled in this matter: "To the Clerk of Said District: Please enter a denial of bankruptcy for said Heydette, and a demand for a trial by jury in said cause. (Signed) Ward & Palmer, Solicitors for Defendant."

On the filing of this paper, no objection being made, and the attention of the court not being particularly called to it at the time, the usual record was made and attested by the clerk, as is prescribed by form No. 61, and the usual order for a trial by jury was made as prescribed by form No. 62. The matter was then adjourned from time to time, by consent, to the 19th day of May, 1873, when this motion was made, and the same was then argued and submitted.

LONGYEAR, District Judge. As the motion was argued and submitted, the court is asked to treat the paper which was filed on behalf of the debtor, and the record and order based thereon a nullity, and to adjudge the debtor a bankrupt under section 42, as on default. The motion should have been to strike the paper from the files, and to vacate the record and order, and, that being granted, an adjudication of bankruptcy would necessarily follow, unless otherwise ordered. As this motion is made, however, with a view to having the practice established in regard to putting in answer

_____

[1] [Reprinted by permission.]

and demand for jury in such cases, I shall treat the motion as if it were to strike from the files, etc., as above suggested.

The question is, then, what constitutes a sufficient answer to a creditor's petition, to entitle the debtor to demand and have a hearing or trial? Must such answer be specific as to each allegation in the petition, or is a general denial of the truth of the matters set forth in the petition sufficient? Must the answer be verified, or may it be put in without oath? These questions must be answered in the light of the act itself, of the general orders, and of the forms prescribed thereunder, and such judicial decisions thereon as have been made, independently of local rules upon the subject, there being no such rules in this district.

Decisions based upon such local rules can afford us but little aid, and can have but little weight as authority upon the general question. Such is especially the case in the district of Oregon and in the Northern district of New York. The language of section 41, upon which the questions above stated mainly depend for their solution, is as follows: "That on such return day or adjourned day, if the notice has been duly served or published, or shall be waived by the appearance and consent of the debtor, the court shall proceed summarily to hear the allegations of the petitioner and debtor," etc. It is contended that the word "allegations" here is used in its ordinary sense, and means the same as "pleadings," and that so far as it relates to the debtor it can mean nothing more or less than an answer to the petition. Conceding this (although in view of the subsequent language of the section it admits of much doubt whether the word "allegations," as here used, has not a broader meaning) it does not necessarily follow that such answer must be specific, or that the requirement is not complied with by a general denial of the facts set forth in the petition, where such denial is all the defence relies on.

The "forms in bankruptcy," prescribed as they are by general order 32, are expressly authorized by the act (section 10), and hence constitute a part of the act, and are of equal authority with it, the same as if they had been incorporated in it. The form prescribed, No. 61, for a record entry of what is done under the clause of section 41 above quoted, is as follows: "And now on this return day (or adjourned day) for the hearing of said petition, the said —— appears and denies that he has committed the act of bankruptcy set forth in said petition, and avers that he should not be declared bankrupt for any cause in said petition alleged, and this he prays may be inquired of by the court (or he demands the same may be inquired of by a jury)." The subsequent part of section 41, to which allusion has been made, has a direct bearing here. It is as follows: "And if, upon such hearing or trial, the debtor

proves to the satisfaction of the court or of the jury as the case may be, that the facts set forth in the petition are not true, * * * * the proceedings shall be dismissed and the respondent shall recover costs."

Now it will be observed that the recital contemplated by form 61 is not merely that the respondent appeared and put in an answer, nor in general terms that the court heard his allegations, but, on the contrary, it is a recital of just what answer he put in and what his allegations were; and, I think, it is equivalent to an explicit recognition that the answer or allegations there recited—that is, a simple denial—is sufficient to entitle the respondent to make the proof required of him by the clause of section 41 just quoted. Nor does the act require or the form seem to contemplate that the answer need be verified, or even in writing. On the contrary, taking section 41 and form 61 together, and it seems to have been contemplated by congress and by the justices of the supreme court that, on the return day of the order to show cause, or on an adjourned day, the respondent should, if he desires to controvert the petition, appear before the court and allege that the facts set forth in the petition are not true, and demand a hearing by the court, or a trial by a jury, and that the court should cause a record of such allegation and demand to be made. No portion of these proceedings previous to the making of the record by the clerk is required to be in writing except the demand for a trial by jury, neither is it essential, in the nature of things, that they should be. The record, according to form 61, is the evidence of what occurred, and it must be impeached before it can be averred that a respondent has not made the requisite allegations to entitle him to controvert the facts set forth in the petition. It is, however, the better practice. and it is recommended, to put the whole in writing. It should be addressed to the court, and allege in express terms that the facts set forth in the petition are not true, and conclude with a demand for a hearing by the court, or a trial by a jury, and should be signed by the respondent, in person, or by attorney.

The foregoing remarks apply, of course, only in cases where the respondent, as in the present case, intends simply to controvert the facts set forth in the petition. This decision, therefore, has no application to cases in which the respondent's answer consists in a confession of the truth of the facts set forth in the petition and an avoidance of their legal effect by allegations of new matters. As to such cases, the act and the general orders are silent, and without expressing an opinion (for such is not the present case,) I shall content myself with the recommendation that in all such cases the answer should not only be in writing, but should be as full, specific and certain as an answer to a bill in equity. Phelps v. Clasen

[Case No. 11,074] and In re Dunham [Id. 4,143] are decisions sustaining the views expressed in this opinion. The cases holding the contrary view will be found in the most part to be based upon some special local rule. The paper filed by respondent's attorneys, although informal and not properly addressed, clearly indicates that he intended to take issue upon the facts set forth in the petition, and to demand a jury trial, and it was not objected to at the time. Respondent will, under the circumstances, be allowed to put in a new answer and demand of trial in conformity with this opinion, provided he does so instanter, and goes to trial at the first opportunity, at the option of the petitioner. Otherwise the motion must be granted.